IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA JAMES, as wrongful death estate representative for Jay Murphy, Sr., deceased, and as custodial parent and next friend of her daughter, M., a minor,

       Plaintiffs,

vs.                                                                                                               No. CIV 09-0540 JB/CG

MARTIN CHAVEZ, III, individually and in his official capacity as Mayor of the City of Albuquerque, RAY SCHULTZ, individually and in his official capacity as Chief of Police of the City of Albuquerque, RUSSELL CARTER, individually and in his official capacity as an officer of the Albuquerque Police Department "S.W.A.T." Team, MICHAEL FOX, individually and in his official capacity as an Officer (Detective) of the Albuquerque Police Department, CITY OF ALBUQUERQUE, Albuquerque Police Department, a municipal entity organized under the laws of the State of New Mexico and its law enforcement agency, JOSH BROWN,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion to Compel No. II: Plaintiffs' Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions, filed December 1, 2010 (Doc. 40). The Court held hearings on January 3, 2011 and January 19, 2011. The primary issue is whether the Court should award the Defendants costs and attorneys' fees. The Court will grant in part and deny in part the Defendants' request for attorneys' fees and costs.

## **PROCEDURAL BACKGROUND**

On December 1, 2010, the Defendants filed their Motion to Compel No. II: Plaintiffs' Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions. See Doc. 40. In their motion, the Defendants ask the Court to enter an order granting the motion to compel, and to award the Defendants attorneys' fees and costs incurred in making the motion.

On December 17, 2010, Plaintiff Theresa James filed her Response to Motion to Compel No. II: Plaintiffs [sic] Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions. See Doc. 46. In her response, James argues that the Court should deny the Defendants' motion as to sanctions, and afford her the opportunity to submit her supplemental responses and to provide any such further information to the Defendants as they may request, subject to valid objections.

On December 22, 2010, the Defendants filed their Reply to Response to Motion to Compel No. II: Plaintiffs' Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions. See Doc. 47. In their reply, they argue that the Court should compel James to serve corrected discovery responses, and that it should sanction James for refusing to provide adequate responses, or even offering any explanations, until the Defendants filed their motion to compel.

The Court held a hearing on January 3, 2011. At the hearing, the parties, outside of the Court's presence, attempted to work out any remaining issues on the Defendants' motion. After forty-five minutes of discussion, the parties reached an agreement on all the outstanding concerns based on James' representations regarding the documents in her possession or possession of her agents, and based on James' agreement to provide supplemental information and answers within a 48-hour period. The parties placed the details of the agreement on the record. The Defendants stated that they were concerned that there was no explicit withdrawal of the objections they believed

were frivolous and invalid; however, the Defendants stated that James had represented that she had not withheld any documents or information on the basis of those objections, and that she made the objections for the sole purpose of preserving objections to the introduction of evidence. James agreed that, in her amended responses and answers, she would clearly state that she was not withholding anything on the basis of those objections. In James' responses to Interrogatory No. 3 to James and Interrogatory No. 4 to the estate of Jay Murphy, James stated that she has in her possession a letter from J. Murphy, medical records, and police reports, but in the corresponding requests for production -- Request No. 3 to James and Request No. 3 to the estate of J. Murphy -- James stated that she did not have any responsive documents. During the parties' discussion, James clarified that there are some responsive documents, but that she has already produced them. James agreed to include a statement to this effect in her amended responses and answers. In Interrogatory No. 5(c) and (d) to James, the Defendants asked for information about specific claims. James' answer repeated the claims. James agreed to supplement her answer in the forty-eight-hour period. The Defendants had a number of concerns about their requests for any documents that had been provided to experts, or that the experts had in their possession or had generated. During the parties' discussion, James represented that she has produced any documents that her experts have and that she has not received anything in writing from her expert to date. One of the disputes in the case is which officer shot J. Murphy and where the officer was. The Defendants believe that the shooting officer was Joshua Brown who was in a stairwell in the home in question. James has represented to the Defendants that she believes an officer in another building shot through the window and into the home. The Defendants have tried to obtain information about the basis for this belief. Interrogatory No. 5 to the estate of J. Murphy addresses that contention. James' response appears to be the response to a different question. James agreed to provide a new answer in the forty-eight-

hour period. James also agreed to provide a supplemental response to Interrogatory No. 7 to the estate of J. Murphy, which she had not done at the time of the hearing. Interrogatory No. 3 to the estate of J. Murphy asked about various kinds of mental illness, drug, and alcohol abuse, and various treatments received. James agreed to provide any supplemental information she has or, if she does not have any, to so state. Two interrogatories to the estate of J. Murphy seek information about his employment. The responses to these interrogatories state that J. Murphy worked at West Mesa High School, in Albuquerque, New Mexico, but that James does not have any further information. The response to Interrogatory No. 14 to the estate of J. Murphy states that J. Murphy was terminated from West Mesa High School. James agreed to provide the information she has about J. Murphy's employment and why he was terminated. Interrogatory No. 18 to the estate of J. Murphy asks whether James is seeking lost income and lost wages because of J. Murphy's death. At the time of the hearing, James had not responded. She agreed to respond within the 48-hour period. The Defendants were concerned about whether a midwife was treating M. Murphy or James. During the parties' discussion, James clarified that the midwife was treating M. Murphy and agreed to put that statement in her supplementation. The Defendants were concerned that they had not received responses about hedonic damages -- what the basis was for the claims and what was being claimed. James had not provided any supplementation with respect to M. Murphy, but agreed to do so within the forty-eight-hour period. Interrogatory No. 8 to M. Murphy asked whether M. Murphy is contending that she personally suffered damages as a result of various alleged actions of the officers. James agreed that she will answer the interrogatory within the forty-eight-hour period. The Court told the Defendants to let its Courtroom Deputy Clerk know by noon on Thursday January 7, 2011 whether they would withdraw the motion because they had obtained the discovery they were seeking, or whether there was still discovery they wanted to pursue.

On January 7, 2011, the Defendants filed their Notification of the Status of Supplementation With Respect to Motion to Compel No. II: Plaintiffs' Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions.  See Doc. 56.  The Defendants represented that James provided supplemental responses on January 6, 2011, but that some of their concerns remained unaddressed.  The Defendants stated, however, that they did not believe the Court needed to take action at the time, because they were hopeful James would promptly supplement her response.  They stated that they would notify the Court if James provided the supplementation, or if she did not and action by the Court would be necessary.

On January 12, 2011, the Defendants filed their Second Notification of the Status of Supplementation With Respect to Motion to Compel No. II: Plaintiffs' Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions.  See Doc. 58.  They notified the Court that James failed to provide all the supplemental discovery to which she agreed at the January 3, 2011 hearing, and asked the Court to enter an order directing James to supplement the discovery and for sanctions, or to order James to show cause why such an order should not be entered.

The Court held a hearing on January 19, 2011.  At the hearing, counsel for James, Dennis Montoya, represented that he would dismiss Defendants Martin Chavez, Ray Schultz, and the City of Albuquerque ("the City Defendants") from this matter.  Adam Greenwood, counsel for Defendants Russell Carter, Josh Brown, and Michael Fox ("the Defendant Officers"), represented that the Defendant Officers have received supplemental discovery in response to their concerns. Mr. Greenwood stated that, given Mr. Montoya's representation that James was going to withdraw the supervisory liability claims against all individuals not at the scene, they believe that James has sufficiently responded to all their discovery requests.  Mr. Greenwood asked the Court to award the

Defendants attorneys' fees and costs, and Mr. Montoya asked the Court to deny the request.

## **ANALYSIS**

The Court will grant in part and deny in part the Defendants' request for attorneys' fees and costs. The Court will not award attorneys' fees and costs for the actions the Defendants took between the January 3, 2011 hearing and the January 19, 2011 hearing. These actions -- the equivalent of a belated meet and confer -- should have been taken before they filed the motion to compel. The Court does not believe it should award attorneys' fees for the give and take that the Defendants engaged in between the January 3, 2011 hearing and the January 19, 2011 hearing. The Defendants would have incurred these costs had Mr. Montoya engaged in a give and take process with the Defendants before they filed the motion to compel. For these reasons, and the reasons stated on the record at the hearing, the Court thus will not award attorneys' fees and costs for these actions. The Court will, however, award part of the attorneys' fees and costs the Defendants incurred in filing the motion to compel and arguing the motion. James' responses to the Defendants' motion may well have been valid. If James had submitted the responses before the Defendants filed the motion, the responses may have resolved some of the problems that the motion to compel raised. James did not, however, communicate the excuses she gave to the Defendants before they filed the motion. James also did not ask for more time to prepare adequate responses, did not acknowledge that her responses were incomplete, and did not file a supplemental response as soon as possible. These are practices that the Court tries to encourage with the meet and confer requirement. If James had taken any of these actions, a motion to compel might not have been necessary. When parties do not have the ability to answer an interrogatory or a request for production, they cannot refuse to respond; they have to respond with the information they have and promise to follow up with any additional information. For these reasons, and the reasons stated on the record at the hearing, the

Court will award attorneys' fees and costs for Defendants' preparation and filing of the motion to compel, and their preparation and filing of their reply.  The Court will also award the Defendants attorneys' fees for both hearings.  The Court will not, however, award the Defendants attorneys' fees for all the attorneys who were present at the hearings.  It will award only attorneys' fees for the attorney who argued the motion -- Mr. Greenwood.

**IT IS ORDERED** that the Defendants' Motion to Compel No. II: Plaintiffs' Invalid Objections to Discovery and Failure to Provide Responsive Answers and For Sanctions, filed December 1, 2010 (Doc. 40), is granted in part and denied in part.  The Court will deny the Defendants' request that it compel Plaintiff Theresa James to produce discovery, because the Defendants have represented that James has now sufficiently responded to their discovery requests.  The Court will grant in part and deny in part the Defendants' request for attorneys' fees and costs.  The Defendants should send an affidavit to the Plaintiff about the bill for fees and costs; if the parties cannot agree on the amount owed, the Defendants may submit the affidavit to the Court for review and further order, if necessary.

_____
UNITED STATES DISTRICT JUDGE

James P. Lyle
Law Offices of James P. Lyle P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kathryn Levy
City of Albuquerque Legal Department
Albuquerque, New Mexico

 *Attorneys for the Defendants Martin Chavez, III, Ray Schultz, and the City of Albuquerque*

Adam H. Greenwood
Douglas E. Gardner
Terri S. Beach
Luis E. Robles
Robles, Rael & Anaya
Albuquerque, New Mexico

 *Attorneys for the Defendants Russell Carter, Michael Fox, and Josh Brown*